**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

ANDREW ASUIT II, an individual,

Plaintiff

v.

STEVEN WELIN, an individual, and THE CITY OF RENO, a political subdivision of Nevada

Defendants

Case No.: 3:26-cv-00447-MMD-CSD

**Order**

Re: ECF No. 23

Before the court is Defendants Steven Welin and the City of Reno's ("Defendants") Motion Regarding Discovery Dispute. (ECF No. 23.) Plaintiff Andrew Asuit II responded. (ECF No. 25.) Plaintiff brings this action under 42 U.S.C. § 1983, alleging that law enforcement used excessive force in executing a roadside arrest. (ECF No. 1.)

Through the present motion, Defendants ask the court to deem photos and footage from police body worn camera as confidential under the parties' stipulated protective order. (ECF No. 20.) Defendants argue that the contested materials are categorically confidential under Nevada law. (ECF No. 23 at 2.) Plaintiff contends that federal law, not state law, governs matters of privilege and confidentiality in federal court. (ECF No. 25 at 2.)

When a party seeks to enforce a confidentiality designation, the court must first determine whether "particularized harm will result from disclosure of information to the public." *In re Roman Cath. Archbishop of Portland in Oregon*, 661 F.3d 417, 424, 424 (9th Cir. 2011).

If so, the court must next "balance 'the public and private interests to decide whether [maintaining] a protective order is necessary.'" *Id.* (alterations in original). The second question requires the court to consider the following factors:

> (1) whether disclosure will violate any privacy interests; (2) whether the information is being sought for a legitimate purpose or for an improper purpose; (3) whether disclosure of the information will cause a party embarrassment; (4) whether confidentiality is being sought over information important to public health and safety; (5) whether the sharing of information among litigants will promote fairness and efficiency; (6) whether a party benefitting from the order of confidentiality is a public entity or official; and (7) whether the case involves issues important to the public.

*Id.* at 424 n.5.

Upon review of the motion and response, the court finds that the parties have not addressed the test and factors mentioned above. Accordingly, the court **HEREBY ORDERS** Defendants to **FILE** a supplemental brief in support of their motion by 12:00 PM on October 13, 2026. Plaintiff shall **RESPOND** to Defendants' supplemental brief by end of business on October 16, 2026. Both briefs shall be no longer than ten (10) pages and shall address the legal standard above.

**IT IS SO ORDERED**.

Dated: October 7, 2026

Craig S. Denney
United States Magistrate Judge